**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEPHEN HEALY,**
                              **Plaintiff,**

**-vs-**                                              **Case No.  6:06-cv-901-Orl-KRS**

**RHS COMPANIES, INC.,**
                              **Defendant.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion

filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS AMENDED COMPLAINT (Doc. No. 15)** |
| **FILED:** | **September 22, 2006** |

_____

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Stephen Healy filed an amended complaint against Defendant RHS

Companies, Inc. (RHS), alleging three causes of action: breach of an oral contract, fraud,

and estoppel.  Doc. No. 14.  As part of the breach of contract claim, Healy seeks attorney's

fees pursuant to Florida Statute ch. 448.08.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), RHS moves to dismiss the fraud

claim as barred by Florida's economic loss rule.  Pursuant to Federal Rule of Civil Procedure

12(f), RHS moves to strike the claim for attorney's fees included in the cause of action for

breach of an oral contract, and to strike certain allegations in the cause of action for

estoppel.  Doc. No. 15.  Healy has responded, doc. no. 16, and the matter is ripe for review.

Pursuant to the consent of the parties, this matter was referred to me for disposition under 28 U.S.C. § 636(c).  Doc. No. 25.

## I.    ALLEGATIONS OF THE AMENDED COMPLAINT.

Healy was employed at RAM Development.  Doc. No. 14, Amended Complaint, ¶ 7. Healy was approached by Robert H. Stoehr, then Vice President, Secretary, and Treasurer of RHS, who offered Healy a position at RHS.  *Id*. ¶¶ 8–9.  Stoehr offered Healy the following: a $150,000.00 annual salary, a 10% ownership in RHS, and a new vehicle, valued at approximately $30,000.00, for Healy's exclusive use.  *Id*. ¶ 10.  Because Healy indicated he expected to receive a bonus from RAM Development, *id*. ¶ 9, Stoehr also offered to pay Healy the bonus he would give up by leaving RAM Development, which Healy estimated to be between $70,000.00 and $90,000.00, *id*. ¶¶ 10d, 28.  The amount of the foregone bonus was later determined to be $90,000.00.  *Id*. ¶ 10d.  In reliance on Stoehr's representations, Healy ceased working at RAM Development and began working at RHS.  *Id.* ¶¶ 11, 12.

After starting work at RHS, Healy expressed concerns about the operation of the company and the performance of two RHS partners.  *Id*. ¶ 13.  Healy was ultimately terminated.  *Id*. ¶¶ 14–15.  The termination was unjustified and in bad faith.  *Id.* ¶ 16.

Healy did not receive the 10% ownership interest in RHS, the $90,000.00 amount intended to replace the bonus Healy would have received from RAM Development, or the new vehicle.  *Id*. ¶ 17.

Healy alleges with respect to the fraud claim and the estoppel claim that RHS, acting through Stoehr, knew that the representations it made to him were false, and that it never intended to pay him the bonus money, to give him a vehicle, or to transfer to him a 10% ownership interest in RHS, or that RHS changed its decision to do so to Healy's detriment. *Id*. ¶¶ 28–32, 35, 37, 41.

## II.   STANDARD OF REVIEW

### A.   *Motion to Dismiss.*

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  In considering a motion to dismiss for failure to state a claim, the court considers only the allegations of the complaint and exhibits to the complaint. *See* Fed. R. Civ. P. 10(c), 12(b).  The court may also grant a motion to dismiss if "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

*B.      Motion to Strike.*

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'[S]triking a pleading . . . is a drastic remedy to be resorted to only when required for the purposes of justice.'" *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir.1962) (quoting *Brown and Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).   "'The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.'" *Id*. It is inappropriate to resolve disputed factual issues on a motion to strike. *Id*. Additionally, "when there is no showing of prejudicial harm to the moving party," it is inappropriate to determine "disputed and substantial questions of law upon a motion to strike." *Id*. (internal citations omitted).

## III.    ANALYSIS.

*A.      Motion to Dismiss Fraud Claim.*

RHS moves to dismiss Healy's cause of action for fraud based on the economic loss rule. "The 'economic loss' rule is a court-created doctrine which prohibits the extension of tort recovery for cases in which a product has damaged only itself and there is no personal injury or damage to 'other property,' and the losses or damage are economic in nature." *Moransais v. Heathman*, 744 So. 2d 973, 979 (Fla. 1999).

In Florida, "[t]he economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action.  Where a contract exists, a tort action will lie for either intentional or negligent acts

considered to be independent from acts that breached the contract." *HTP, Ltd. v. Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996).

> Fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract. It normally "occurs prior to the contract and the standard of truthful representation placed upon the defendant is not derived from the contract," . . . i.e., "whether the defendant was truthful during the formation of the contract is unrelated to the events giving rise to the breach of the contract."

*Id.* (quoting *Woodson v. Martin*, 663 So. 2d 1327, 1331 (Fla. 2d Dist. Ct. App. 1995), and *Williams v. Peak Resorts Int'l, Inc.,* 676 So. 2d 513, 517 (5th Dist. Ct. App. 1996)); *cf. Moransais*, 744 So. 2d at 979-84 (reviewing Florida case law regarding the economic loss rule).

The tort of fraudulent inducement, if it is proven, was completed when Healy left his job at Ram Development in reliance on false representations made by RHS, and was thereby injured. It is, therefore, independent of the claim that RHS later breached its oral contract with Healy. Accordingly, the economic loss rule does not bar Healy's fraud claim.

*B.      Motions to Strike*.

RHS moves to strike Healy's claim for attorney's fees under chapter 448.08. It contends that chapter 448.08 does not apply because Healy does not seek recovery of unpaid wages in his breach of oral contract cause of action. Healy concedes that the $90,000.00 bonus and 10% ownership interest in RHS sought in that cause of action "do[ ] not fit the definition of wages under Section 448.08 as [they were] not for services rendered in the performance of his employment with RHS . . . ." Doc. No. 16 at 2. However, Healy contends that the promised vehicle falls within the statutory definition of wages.

An action for unpaid wages is a prerequisite to recovery of attorney's fees under chapter 448.08. *Dade County v. Pena*, 664 So.2d 959, 960 (Fla. 1995). RHS concedes that Florida law broadly construes wages within the meaning of chapter 448.08 to include all compensation paid by an employer for the performance of service by an employee. Doc. No. 15 at 7; *see also Elder v. Islam*, 869 So. 2d 600, 601 (Fla. 5th Dist. Ct. App. 2004). Neither party cites any legal authority that holds that an automobile furnished by an employer cannot be a "wage" within the scope of chapter 448.08. It is not appropriate to decide this issue of law on a motion to strike.

RHS also moves to strike the allegations contained in paragraphs 37, 39, and 41 of the amended complaint that RHS "changed its promises," arguing that reliance on truthful representations that later are "changed" cannot support an action for estoppel. This is a legal issue best addressed after the facts have been fully developed, rather than through a motion to strike.

## IV.   CONCLUSION.

For the foregoing reasons, RHS's Motion to Dismiss Amended Complaint, doc. no. 15, is **DENIED**. RHS shall file its answer within the time provided by Federal Rule of Civil Procedure 12(a)(4).

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2006.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party