# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEPHEN HEALY,**
              **Plaintiff,**

**-vs-**                                    **Case No. 6:06-cv-901-Orl-KRS**

**RHS COMPANIES, INC.,**
              **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RHS COMPANIES, INC.'S MOTION TO COMPEL (Doc. No. 37)** |
| **FILED:** | **May 30, 2007** |

Defendant RHS Companies, Inc. (RHS) moves for an order compelling Plaintiff Stephen Healy to answer its interrogatories and respond to its requests for production of documents, and for an order deeming as admitted its requests to admit. RHS also seeks its attorneys fees and costs incurred in bringing the present motion. Doc. No. 37. Healy has not responded and the time for doing so has passed.

Based on the foregoing, the motion to compel answers to interrogatories and responses to requests for production of documents is **GRANTED**. It is **ORDERED** that, on or before July 13, 2007, Healy shall provide complete answers to RHS's First Set of Interrogatories (reproduced at doc. no. 38 at 10–19). All objections to the interrogatories, other than privilege or protection, have been waived by Healy's failure to assert them in a timely response to the interrogatories. To the

extent that Healy asserts that information responsive to the interrogatories is privileged or protected, Healy must assert those objections to each item of information withheld in a privilege log served on or before July 13, 2007.

It is further **ORDERED** that, on or before July 13, 2007, Healy shall produce documents within his possession, custody, or control for inspection and copying that are responsive to RHS's First Request for Production of Documents (reproduced at doc. no. 38 at 20-30). All objections to the requests, other than privilege or protection, have been waived by Healy's failure to assert them in a timely response to the requests. To the extent that Healy asserts that responsive documents, or portions thereof, are privileged or protected, he must assert those objections as to each document, or portion thereof, withheld from production in a privilege log served on or before July 13, 2007.

The privilege log produced by Healy, if any privileges or protections are asserted, shall set forth the privilege or protection relied upon and specify the following as to each item of information, document, or portion thereof, withheld from production:

    a.    The name and job title or capacity of the author or speaker;

    b.    The name and job title or capacity of each recipient or listener;

    c.    The date the information or document was learned or prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

    d.    The title and description of the information or document;

    e.    The subject matter addressed in the information or document;

    f.    The purpose(s) for which it was prepared or communicated; and

    g.    The specific basis for the claim that it is privileged.

The privilege log must be adequate on its face to establish *prima facie* support for the claimed privilege or protection.  *See, e.g.,* Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)).

With respect to the request for admissions, requests for admissions to which a response is not timely served are deemed admitted by operation of Federal Rule of Civil Procedure 36(a). Accordingly, it appears that no action is needed from the Court regarding the requests for admissions.

RHS also seeks an award of the reasonable expenses it incurred in bringing the present motion.  Such relief is provided for under Federal Rule of Civil Procedure 37(a)(4) when a motion to compel is granted and there is no showing that the objections made to the discovery were substantially justified or that other circumstances make an award of expenses unjust.  Having filed no response to the motion, Healy has not presented any basis to conclude that his failure to respond to the discovery request was substantially justified or that other circumstances make an award of expenses unjust.

Accordingly, it is **ORDERED** that, on or before July 13, 2007, Healy shall tender to counsel for RHS the sum of $250.00 to compensate RHS, in part, for the attorneys' fees and costs it incurred in filing the motion to compel.

**Healy is cautioned that failure to comply with this Order may result in further sanctions, including dismissal of his case.** *See* **Fed. R. Civ. P. 16(f).**

**DONE** and **ORDERED** in Orlando, Florida on June 19, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties