**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEPHEN HEALY,**
                **Plaintiff,**

**-vs-**                                              **Case No. 6:06-cv-901-Orl-KRS**

**RHS COMPANIES, INC.,**
                **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF, STEPHEN HEALY'S OPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST TO PRODUCE (Doc. No. 40)** |
| **FILED:** | **July 13, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part.**

| | |
|---|---|
| **MOTION:** | **RHS COMPANIES, INC.'s MOTION FOR SANCTIONS AND BRIEF IN OPPOSITION TO HEALY'S MOTION FOR ENLARGEMENT OF TIME (Doc. No. 41)** |
| **FILED:** | **July 16, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

After Plaintiff Stephen Healy failed to respond to its First Set of Interrogatories and First Request to Produce, Defendant RHS Companies Inc. (RHS) filed a motion to compel. Doc. No. 37. Healy did not respond, and the motion was granted as unopposed. Doc. No. 39. Healy was ordered

to provide complete answers to RHS's First Set of Interrogatories, and to produce for inspection and copying all documents within his possession, custody, or control that were responsive to the First Request to Produce, and to do so by July 13, 2007. *Id.*

Healy now moves for an additional twenty days to respond to the discovery. Doc. No. 40. As the basis for this request, he states that he "is active[ly] seeking new representation and because of the complexity of the discovery requests, will need the assistance of counsel in order to properly respond under the Federal Rules of Civil Procedure." *Id.* RHS opposes the motion. Doc. No. 41. RHS also moves for the imposition of sanctions, including dismissal and an award of attorneys' fees, based on Healy's noncompliance with the Court's Order. RHS also represents that Healy has not served any discovery requests of his own, or otherwise prosecuted this case. *Id.*

On April 30, 2007, the Court granted a motion for Healy's former counsel to withdraw. Doc. No. 36. That Order, which was entered a full month before RHS brought its motion to compel, warned Healy that he was responsible for prosecuting this case, including abiding by all applicable deadlines, and that no deadlines were extended based on the withdrawal of counsel. *Id.* Accordingly, Healy has known of the need to retain counsel since before RHS filed the motion to compel.

Discovery closes in this case on July 31, 2007. Healy's responses to the discovery requests as required by my order must be served sufficiently before the close of discovery so that RHS will have time to review them and file additional motions, if necessary, within the discovery period. Accordingly, it is **ORDERED** that Healy shall fully comply with the Order entered May 30, 2007, doc. no. 39. Healy shall serve his discovery responses on or before July 20, 2007. **Healy is cautioned**

**that failure to abide by a Court order may result in sanctions, including dismissal of the case.** *See* Fed. R. Civ. P. 16(f), 37.

RHS's motion for sanctions does not certify compliance with Local Rule 3.01(g). In the event Healy does not comply with this Order, RHS may renew the motion.

**DONE** and **ORDERED** in Orlando, Florida on July 18, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties